# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DANIEL LOEHR, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 12-0212-CV-W-BP-P |
| BILL HARRIS, | ) |
| Respondent. | ) |

## OPINION AND ORDER DENYING WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

Petitioner, a convicted state prisoner currently confined at the Boonville Correctional Center in Boonville, Missouri, has filed pro se this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2008 conviction and sentence for sale of a controlled substance, which was entered in the Circuit Court of Cole County, Missouri. Petitioner raises four (4) grounds for relief. Although respondent contends that petitioner's petition is untimely, respondent believes that this Court will be better served by addressing petitioner's claims on the merits. Doc. No. 12, p. 1. Because this case presents an example in which "it is considerably easier and thus more judicially efficient to affirm on the merits than to untangle the complexities of the timeliness issue," this Court will address the merits of petitioner's grounds for relief. Jones v. Bowersox, 28 Fed. Appx. 610, 611 2002 WL 215523, **1 (8th Cir. Feb. 13, 2002).

## FACTUAL BACKGROUND

On July 17, 2007, Officer Steve Thompson conducted a controlled buy of crack cocaine at Hamilton Tower in Jefferson City, Missouri. Doc. No. 1-1, p. 14. Thompson supplied a confidential informant (CI) with a fifty dollar bill, and a hidden video camera was installed to record the

transaction.  Doc. No. 1-1, p. 14.  The CI contacted petitioner and Katherine Catlow, invited them to his apartment, and asked them to help him find crack cocaine.  Id.;  Doc No. 1, pp. 18-19  The CI handed the fifty dollar bill to Catlow, and Catlow handed the currency to petitioner.  Doc. No. 1-1, p. 14; Doc. No. 1, pp. 19-20.  Petitioner and Catlow left and returned with Louis Richmond Sr., at which time Catlow placed crack cocaine on a plate that was on the table.  Doc. No. 1-1, p. 14.  Richmond told the CI that  he should get a piece of the crack cocaine for doing all of the work and broke off a piece for himself.  Id.  The rest of the crack cocaine was left on the plate, and petitioner, Catlow, and Richmond left the location.   Id.

On April 30, 2008, a grand jury issued an indictment against petitioner for Class A felony sale of a controlled substance near government housing, and a warrant was issued for petitioner's arrest.  Doc. No. 1-1, pp. 11, 13.  Petitioner was arrested on May 16, 2008.  Doc. No. 1, p. 19.  On September 22, 2008, petitioner pled guilty to Class B felony sale of a controlled substance and was sentenced to eight years in prison.  Doc. No. 1-1, p. 8.

## GROUND ONE

In Ground One, petitioner claims that he is actually innocent of the crime to which he pled guilty because he never sold crack cocaine, possessed crack cocaine, or profited from the transaction.  Doc. No. 1, pp. 5, 15.  Petitioner attaches a statement of facts concerning his relationship with the CI and the events leading up to the controlled buy to support his claims.  Doc. No. 1, pp. 5, 15-24.  Respondent argues that petitioner's claim of actual innocence is not cognizable in federal habeas.  Doc. No. 12, pp. 1-2.

Petitioner claims that, on March 17, 2011, he discovered that Thompson was arrested for possession of a controlled substance and stealing from the drug task force.  Doc. No. 1, p. 15; Doc.

2

No. 1-1, p. 54. Petitioner claims that Thompson's arrest provides support for petitioner's claim of innocence by calling Thompson's personal and professional ethics into question. Doc. No. 1, p. 16, 23. Petitioner asserts that charges against two defendants in Thompson's previous investigations were dropped due to Thompson's actions in those cases. Doc. No. 1, p. 16. A claim of actual innocence based on newly discovered evidence is not in itself a ground for federal habeas corpus relief. Herrera v. Collins, 506 U.S. 390, 400 (1993)("[C]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding'").

If petitioner intends to claim that the evidence was insufficient to support a conviction of sale of a controlled substance, federal constitutional law does not require a factual basis for a guilty plea. Although the lack of a factual basis would violate Fed. R. Crim. P. 11, that rule does not apply in state court. The Mo. Sup. Ct. R. 24.02(e) requirement of a factual basis for a guilty plea is a matter of state law, not federal law. See Cranford v. Lockhart, 975 F.2d 1347 (8th Cir. 1992) (a state court's failure to comply with state rule requiring factual basis for guilty plea does not deprive defendant of due process, and thus does not warrant habeas relief). Federal circuit courts addressing similar claims have refused to impose a due process duty to establish a factual basis for a guilty plea entered in a state court. See Berget v. Gibson, 188 F.3d 518, slip op. at *6 (10th Cir. Aug. 5, 1999) (listing cases from Second, Third, Sixth, Seventh, and Ninth Circuits), cert. denied, 529 U.S. 1042 (2000)). Only when a defendant claims his factual innocence while pleading guilty have state courts been constitutionally required to establish a factual basis for a plea as required in North Carolina v. Alford, 400 U.S. 24, 37-39 (1970).

Furthermore, the state adequately set out a factual basis for the charge against petitioner.

3

Petitioner admits that Catlow gave him the fifty dollar bill before they left and returned with Richmond, at which time the transaction was recorded on video tape. Doc. No. 1, pp. 19-20. Furthermore, before pleading guilty, petitioner told the court that he did not receive any drugs or any money in regards to the transaction and requested to view the video tape. Doc. No. 1-1, pp. 29-30. After viewing the tape, petitioner testified that he understood the nature of the charge and that he actually committed the conduct. Doc. No. 1-1, pp. 44-45. As a result, Ground One will be denied.

## GROUND TWO

In Ground Two, petitioner claims that Thompson and the CI's actions amount to illegal entrapment. Doc. No. 1, p. 6. Petitioner cites State v. Devine, 554 S.W. 2d 442 (Mo. App. 1977), as an example of a state prisoner having a conviction set aside due to entrapment. Doc. No. 1, p. 26; Doc. No. 15, p. 1. Respondent argues that, under Tollett v. Henderson, 411 U.S. 258, 267 (1973), petitioner waived his right to present an entrapment defense when he pled guilty. Doc. No. 12, p. 2.

The Supreme Court has held that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett, 411 U.S. at 267. Instead, a petitioner may challenge only the voluntary and intelligent character of the guilty plea. Id. Because petitioner's claim that he was entrapped is not cognizable in federal habeas in light of his guilty plea, Ground Two will be denied.

## GROUND THREE

In Ground Three, petitioner asserts a claim of ineffective assistance of counsel in that guilty plea counsel failed "to litigate against the illegal entrapment" on petitioner's behalf. Doc. No. 1, p.

4

8. Respondent argues that a claim of entrapment would have been without merit because petitioner cannot show that he had "absence of willingness" to engage in the drug transaction. Doc. No. 12, p. 3. Respondent contends, therefore, that petitioner's counsel was not ineffective for failing to raise a meritless claim. Id.

In order for petitioner successfully to assert a claim of ineffective assistance of guilty plea counsel, petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" and that "the deficient performance" actually prejudiced him. Strickland v. Washington 466 U.S. 668, 687-88 (1984). "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 131 S. Ct. 770, 787 (2011) (quoting Strickland, 466 U.S. at 689). Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.

Petitioner fails to establish that his counsel was ineffective for failing to raise an entrapment defense. Under Missouri law, a defendant attempting to show entrapment must present evidence supporting "the inducement to engage in unlawful conduct and the absence of a willingness to engage in such conduct." See State v. Wells, 731 S.W. 2d 250, 251 (Mo. 1987) (internal quotation omitted). Although petitioner makes conclusory statements that Thompson's CI "lured" petitioner over to his apartment "deliberately to entrap him," petitioner fails to present evidence supporting a claim that he was unwilling to engage in the conduct supporting his conviction. Doc No. 1, pp. 18-19. Petitioner admits that he was given the 50 dollar bill that Catlow received from the CI and that they left the apartment, returned with Richmond, and stayed at the apartment while the

5

transaction took place. Doc. No. 1, pp. 18-19. As a result, petitioner's guilty plea counsel was not ineffective for failing to raise an entrapment defense that was without merit. Therefore, Ground Three will be denied.

## **GROUND FOUR**

In Ground Four, petitioner contends that his plea was involuntary in light of the "new illegal entrapment evidence in this case." Doc. No. 1, p. 9. Respondent argues that this claim fails because petitioner is not entitled to an entrapment defense for the reasons stated in Ground Three. Doc. No. 12, p. 3.

"[A] determination of a factual issue made by a State court shall be presumed to be correct," and petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The statutory presumption "is particularly proper [in cases involving the voluntariness of a guilty plea] in light of the state trial court's ability to judge the defendant's credibility and demeanor at the plea hearing and the fact that '[m]ore often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea.'" Weeks v. Bowersox, 119 F.3d 1342, 1352 (8th Cir. 1997) (quoting Blackledge v. Allison, 431 U.S. 63, 73 (1977)). Petitioner's representations at the guilty plea hearing carry a strong degree of verity and pose "a formidable barrier in any subsequent collateral proceedings." Blackledge, 431 U.S. at 73.

Petitioner has failed to proffer clear and convincing evidence that his guilty plea was not voluntary, knowing, and intelligent. See Hunter v. Bowersox, 172 F.3d 1016, 1022 (8th Cir. 1999), cert. denied, 528 U.S. 1140 (2000). Petitioner testified that he understood the facts surrounding the charge to which he pled guilty, after which the trial court stated, "I find from your demeanor and

6

your responses and your questions and after you had a chance to look at the videotape, you have had ample time to reflect on this matter, and that your decisions to enter this plea is truthful and voluntary and that there's a factual basis for the plea." Doc. No. 1-1, pp. 44-45. Furthermore, as stated above, petitioner's entrapment defense is without merit. As a result, Ground Four will be denied.

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) the issuance of a certificate of appealability is denied; and

(3) this case is dismissed with prejudice.


      /s/ Beth Phillips
BETH PHILLIPS
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: July 20, 2012.